UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
KENNETH D. MORRISON,

                      Plaintiff,                    **REPORT AND**
                                                                                   **RECOMMENDATION**
                                                                                   CV 09-4915 (LDW)(ARL)

    -against-

FEDERAL EXPRESS CORPORATION,

                      Defendant.
----------------------------------------------------------------X
**LINDSAY, Magistrate Judge:**

       Before the court, on referral from District Judge Wexler, is the defendant's motion pursuant to Federal Rules of Civil Procedure 15(a) seeking leave to file an amended answer to plaintiff's complaint to add an affirmative defense that plaintiff's claims may be pre-empted, in whole or in part, by the Employee Retirement Income Security Act, 29 U.S.C. § 1001 *et. seq* ("ERISA"). Plaintiff opposes the motion on the ground that it is futile, but nevertheless states that he has no objection to defendant's motion provided that plaintiff's corresponding motion to amend the complaint to assert a claim under ERISA is granted. Also before the court is plaintiff's motion pursuant to Rule 15(a) seeking leave to amend the complaint to assert a claim under ERISA. Defendant opposes the motion on the ground that the proposed amendment is futile and would be unduly prejudicial. For the reasons stated herein, the undersigned recommends that defendant's motion and plaintiff's motion be denied.

       The defendant and plaintiff both bring the instant motions under Federal Rule 15(a). Rule 15(a) provides that leave to amend 'shall be freely granted when justice so requires." "Only 'undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . . [or] futility of the amendment' will serve to prevent an amendment prior to trial." *Mathon v. Marine*

*Midland Bank, N.A.*, 875 F. Supp. 986, 1002 (E.D.N.Y. 1995) (quoting *Foman v. Davis*, 371 U.S. 178, 182, 9 L. Ed. 2d 222, 83 S. Ct. 227, 230 (1962)). However, both motions were made after the deadline for such motion practice, and therefore the "the higher 'good cause' standard of Federal Rule 16(b)" applies to both parties' motions to amend. *See Grochowski v. Phoenix Constr.,* 318 F.3d 80, 86 (2d Cir. 2003); *see also Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000). Rule 16(b) requires that deadlines be set for proceedings such as joinder of parties and amendment of pleadings. By limiting the time for amendments, "the rule is designed to offer a measure of certainty in pretrial proceedings, ensuring that 'at some point both the parties and the pleadings will be fixed.'" *Parker,* 204 F.3d at 339 (quoting Fed. R. Civ. P. 16 advisory committee's note (1983 amendment, discussion of subsection (b)); *see also Hoffman-La Roche Inc. v. Sperling,* 493 U.S. 165, 173 (1989). In some cases, the court may determine that the deadline cannot be met despite the parties' diligence, and grant leave to extend the deadline. However, the rule plainly states that a scheduling order "shall not be modified except upon a showing of good cause." Fed. R. Civ. P. 16(b). The Second Circuit has instructed that the primary consideration in determining whether good cause has been shown "is whether the moving party can demonstrate diligence." *Kassner v. 2nd Avenue Delicatessen Inc.,* 496 F.3d 229, 244 (2d Cir. 2007); *see Parker,* 204 F.3d at 339-40 ("[a] finding of good cause depends on the diligence of the moving party").

Plaintiff filed his complaint in this action on November 12, 2009, asserting claims of age discrimination in violation of the ADEA and state law. Plaintiff's complaint alleged that defendant adopted a new pension plan following plaintiff's termination and that his termination prevented him from participating in the new plan. (Compl., ¶¶ 26, 27.) Defendant filed its answer to the complaint on December 16, 2009. According to the scheduling order in this case,

2

the deadline for commencement of motion practice for amendment of pleadings was July 28, 2010.  The scheduling order was "so ordered" by the undersigned on April 23, 2010.  Thus, in order to amend the scheduling order in this case to permit defendant to amend its answer and/or plaintiff to amend his complaint, each party must demonstrate good cause in support of their respective motions.  Each motion will be considered in turn.

Defendant moves to amend its answer to add an affirmative defense that plaintiff's claims may be pre-empted, in whole or in part, by ERISA.  Here, defendant seeks to amend its pleadings well after July 28, 2010, the deadline in the scheduling order for amending the pleadings.  In addition, at no earlier time did defendant seek an extension of time to file an amended pleading; rather defendant filed the instant motion without reference to the scheduling order, ignoring it entirely.  *See NAS Elecs., Inc. v. Transtech Elecs. PTE Ltd.,* 262 F. Supp. 2d 134, 150 (S.D.N.Y. 2003).  In its memorandum of law in support of the motion, defendant appears to assert that good cause exists for the amendment of its pleadings based solely on the fact that this action was previously handled by another attorney in the same office.  Defendant avers that on or about December 22, 2010, Emily C. Pera, Senior Attorney for Fed Ex, assumed responsibility for this case and had only recently discovered, while reviewing the pleadings in preparation for depositions taken in January 2011 and in anticipation of the close of discovery, that the proposed affirmative defense was not included in defendant's original answer.  However, it is clear that the essence of the proposed affirmative defense arose out of the same events that were the subject of plaintiff's original complaint.  Defendant had knowledge of the facts and circumstances for over a year and could have made its motion within the specified period, or at least prior to February 17, 2011, when defendant's initial application to file this motion was made.  Defendant's actions evidence a lack of diligence and an absence of good cause for the delay in bringing its motion to

amend. Accordingly, the undersigned recommends that the defendant's motion to amend its answer to add an affirmative defense be denied.

Plaintiff moves to amend the complaint to add a cause of action under ERISA, and in his proposed amended complaint states in summary fashion that "[t]he foregoing acts of Fed Ex are in violation of ERISA in that Fed Ex terminated plaintiff's employment, *inter alia*, to prevent him from taking advantage of a new pension plan being offered by defendant." (Proposed Amended Compl., ¶¶ 41-42.) Here, plaintiff seeks to amend his complaint well after July 28, 2010, the deadline in the scheduling order for amending the pleadings. In addition, at no earlier time did plaintiff seek an extension of time to file an amended pleading, but rather filed the instant motion after the close of discovery and without reference to the scheduling order, ignoring it entirely. *See NAS Elecs., Inc.,* 262 F. Supp. 2d at 150. In his memorandum of law in support of the motion, plaintiff merely asserts that the motion should be granted because "defendant will suffer no prejudice and discovery will not be extended by the granting of plaintiff's motion inasmuch as the proposed amended complaint does not allege any new facts . . . [and] merely asserts, as a third claim, a claim under ERISA, based upon the same facts alleged in the original complaint and upon which discovery has been conducted." (Pl. Mem. of Law, at 2.) Contrary to plaintiff's position, because he made his motion to amend after the close of discovery the proposed amendment would be prejudicial to defendant. *See Krumme v. WestPoint Stevens, Inc.,* 143 F.3d 71, 88 (2d Cir. 1998). Nevertheless, the proposed ERISA claim arises out of the same events that were the subject of his original complaint. Plaintiff had knowledge of the facts and circumstances for over a year and could have made its motion within the specified period, or at least prior to March 8, 2011, when plaintiff filed the instant motion. Given that the facts underlying plaintiff's new claim were previously known to plaintiff, and no other justification for the delay is presented, plaintiff's

4

actions evidence a lack of diligence and an absence of good cause. Accordingly, the undersigned recommends that the plaintiff's motion to amend his complaint to add a cause of action under ERISA be denied.[1]

**OBJECTIONS**

A copy of this Report and Recommendation is being served by the Court on all parties. Any objections to this Report and Recommendation must be electronically filed with the Clerk of the Court within 14 days. Failure to file objections within this period waives the right to appeal the District Court's Order. *See* 28 U.S.C. §636 (b) (1); Fed. R. Civ. P. 72; *Beverly v. Walker,* 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchants Bank,* 84 F.3d 52, 60 (2d Cir. 1996).

Dated:  Central Islip, New York
        June 1, 2011

**SO ORDERED:**

_____/s/_____
ARLENE R. LINDSAY
United States Magistrate Judge

---

[1] Notwithstanding the undersigned's report and recommendation, the parties may enter into a stipulation regarding whatever matters they consider appropriate and submit such stipulation to the court.